IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| CRAWFORD LEE BRUCE, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:17-cv-56-TFM |
| | ) | [wo] |
| NANCY A. BERRYHILL, | ) | |
| Acting Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION**

Following administrative denial of his application for child disability insurance benefits under Title II of the Social Security Act and Supplemental Security Income benefits under Title XVI of the Social Security Act, Crawford Lee Bruce, Jr. ("Bruce" or "Plaintiff") received a requested hearing and follow-up hearing before an administrative law judge ("ALJ") who rendered an unfavorable decision. When the Appeals Council rejected review, the ALJ's decision became the final decision of the Commissioner of Social Security ("Commissioner"). *See Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986). Judicial review proceeds pursuant to 42 U.S.C. § 405(g), 42 U.S.C. § 1383(c)(3), and 28 U.S.C. § 636(c), and for reasons herein explained, the Court AFFIRMS the Commissioner's decision denying child disability insurance benefits and supplemental security income benefits.

**I. NATURE OF THE CASE**

Bruce seeks judicial review of the Commissioner of Social Security Administration's decision denying his application for child's disability insurance benefits[1] and supplemental

---

[1] Bruce received benefits on his father's social security account because his father was deceased. R. 357-58, 383-84. Those benefits were based upon his status as a dependent child and not actual disability. Those benefits terminated when he turned eighteen which is when Plaintiff filed his own

security income benefits. United States district courts may conduct limited review of such decisions to determine whether they comply with applicable law and are supported by substantial evidence. 42 U.S.C. § 405 (2006). The court may affirm, reverse and remand with instructions, or reverse and render a judgment. *Id.*

## II. STANDARD OF REVIEW

Judicial review of the Commissioner's decision to deny benefits is narrowly circumscribed. The court reviews a social security case solely to determine whether the Commissioner's decision is supported by substantial evidence and based upon proper legal standards. *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011). The court "may not decide the facts anew, reweigh the evidence, or substitute [its] judgment for that of the Commissioner," but rather "must defer to the Commissioner's decision if it is supported by substantial evidence." *Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1997) (quoting *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983)); *see also Winschel*, 631 F.3d at 1178 (stating the court should not re-weigh the evidence). This court must find the Commissioner's decision conclusive "if it is supported by substantial evidence and the correct legal standards were applied." *Kelley v. Apfel*, 185 F.3d 1211, 1213 (11th Cir. 1999); *see also Kosloff v. Comm'r of Soc. Sec.*, 581 F. App'x 811, 811 (11th Cir. 2015) (citing *Kelley*).

Substantial evidence is more than a scintilla — i.e., the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *Winschel*, 631 F.3d at 1178 (quoting *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004)); *Lewis v. Callahan*, 125 F.3d 1436, 1440 (citing *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420,

---

applications seeking disabled adult child benefits payable on his father account or SSI, based upon his own disability.

1427, 28 L.Ed.2d 842 (1971)). If the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the court would have reached a contrary result as finder of fact, and even if the court finds that the evidence preponderates against the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *see also Henry v. Comm'r of Soc. Sec.*, 802 F.3d 1264, 1267 (11th Cir. 2015) ("even if the evidence preponderates *against* the Commissioner's findings, we must affirm if the decision reached is supported by substantial evidence.") (citation omitted). The district court must view the record as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (citing *Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986)).

The district court will reverse a Commissioner's decision on plenary review if the decision applies incorrect law, or if the decision fails to provide the district court with sufficient reasoning to determine that the Commissioner properly applied the law. *Keeton v. Department of Health and Human Services*, 21 F.3d 1064, 1066 (11th Cir. 1994) (internal citations omitted). There is no presumption that the Secretary's conclusions of law are valid. *Id.*; *Brown v. Sullivan*, 921 F.2d 1233, 1236 (11th Cir. 1991).

### III. STATUTORY AND REGULATORY FRAMEWORK [2]

The Social Security Act's general disability insurance benefits program ("DIB") provides income to individuals who are forced into involuntary, premature retirement, provided they are

---

[2] For the purposes of this appeal, the Court utilizes the versions effective until March 27, 2017 as that was the version in effect at the time the claim was filed. *See* 20 C.F.R. Part 404 and 416, effective March 27, 2017; *see also* https://www.ssa.gov/disability/professionals/bluebook/revisions-rules.html Q. 3.

both insured and disabled, regardless of indigence.[3]  *See* 42 U.S.C. § 423(a).  The Social Security Act's Supplemental Security Income ("SSI") is a separate and distinct program.  SSI is a general public assistance measure providing an additional resource to the aged, blind, and disabled to assure that their income does not fall below the poverty line.[4]  Childhood disability insurance benefits ("CDIB") are rendered to a disabled adult under the old-age and survivors insurance benefits section of the Social Security Act.  *See* 42 U.S.C. § 402(d).  In order to receive CDIB as a disabled adult, a claimant must establish that he or she is the child of an individual who is entitled to old-age or disability insurance benefits and is dependent on the insured, is unmarried, and was under a disability as defined in the Act that began before he attained the age of twenty-two.  *See* 42 U.S.C. §§ 402(d)(1), 423(d)(1)(A); 20 C.F.R. § 404.350.

Applicants under DIB and SSI must provide "disability" within the meaning of the Social Security Act which defines disability in virtually identical language for both programs.  *See* 42 U.S.C. §§ 423(d), 1382c(a)(3), 1382c(a)(3)(G); 20 C.F.R. §§ 404.1505(a), 416.905(a).  However, despite the fact they are separate programs, the law and regulations governing a claim for DIB and a claim for SSI are identical; therefore, claims for DIB and SSI are treated identically for the purpose of determining whether a claimant is disabled.  *Patterson v. Bowen*, 799 F.2d 1455, 1456 n. 1 (11th Cir. 1986).  The only distinction with the case at hand are the added elements of CDIB.  A person is entitled to disability benefits when the person is unable to

> Engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months.

---

[3]  DIB is authorized by Title II of the Social Security Act, and is funded by Social Security taxes. *See* Social Security Administration, Social Security Handbook, § 136.1, *available at* http://www.ssa.gov/OP_Home/handbook/handbook.html

[4]  SSI benefits are authorized by Title XVI of the Social Security Act and are funded by general tax revenues.  *See* Social Security Administration, Social Security Handbook, §§ 136.2, 2100, *available at* http://www.ssa.gov/OP_Home/handbook/handbook.html

42 U.S.C. §§ 423(d)(1)(A); 1382c(a)(3)(A). A "physical or mental impairment" is one resulting from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques. 42 U.S.C. §§ 423(d)(3), 1382c(a)(3)(D).

The Commissioner utilizes a five-step, burden-shifting analysis to determine when claimants are disabled. 20 C.F.R. §§ 404.1520; *Phillips v. Barnhart*, 357 F.3d 1232, 1237 (11th Cir. 2004); *O'Neal v. Comm'r of Soc. Sec.*, 614 F. App'x 456, (11th Cir. 2015). The ALJ determines:

(1) Whether the claimant is currently engaged in substantial gainful activity;

(2) Whether the claimant has a severe impairment or combination of impairments;

(3) Whether the impairment meets or exceeds one of the impairments in the listings;

(4) Whether the claimant can perform past relevant work; and

(5) Whether the claimant can perform other work in the national economy.

*Winschel*, 631 F.3d at 1178; *Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001). When a claimant is found disabled – or not – at an early step, the remaining steps are not considered. *McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986). This procedure is a fair and just way for determining disability applications in conformity with the Social Security Act. *See Bowen v. Yuckert*, 482 U.S. 137, 153, 107 S. Ct. 2287, 2297, 96 L.Ed.2d 119 (1987) (citing *Heckler v. Campbell*, 461 U.S. 458, 461, 103 S. Ct. 1952, 1954, 76 L.Ed.2d 66 (1983)) (The use of the sequential evaluation process "contribute[s] to the uniformity and efficiency of disability determinations").

The burden of proof rests on the claimant through Step 4. *See Ostborg v. Comm'r of Soc. Sec.*, 610 F. App'x 907, 915 (11th Cir. 2015); *Phillips*, 357 F.3d at 1237-39. A *prima facie* case

of qualifying disability exists when a claimant carries the Step 1 through Step 4 burden. Only at the fifth step does the burden shift to the Commissioner, who must then show there are a significant number of jobs in the national economy the claimant can perform. *Id*.

To perform the fourth and fifth steps, the ALJ must determine the claimant's Residual Functioning Capacity ("RFC"). 20 C.F.R. § 404.1520(a)(4). RFC is what the claimant is still able to do despite the impairments, is based on all relevant medical and other evidence, and can contain both exertional and nonexertional limitations. *Phillips*, 357 F.3d at 1242-43. At the fifth step, the ALJ considers the claimant's RFC, age, education, and work experience to determine if there are jobs available in the national economy the claimant can perform. *Id*. at 1239. In order to do this, the ALJ can either use the Medical Vocational Guidelines[5] ("grids") or call a vocational expert. *Id*. at 1239-40.

The grids allow the ALJ to consider factors such as age, confinement to sedentary or light work, inability to speak English, educational deficiencies, and lack of job experience. Each of these factors can independently limit the number of jobs realistically available to an individual. *Id*. at 1240. Combinations of these factors yield a statutorily-required finding of "Disabled" or "Not Disabled." *Id*. Otherwise, the ALJ may use a vocational expert. *Id*. A vocational expert is an expert on the kinds of jobs an individual can perform based on her capacity and impairments. *Id*. In order for a vocational expert's testimony to constitute substantial evidence, the ALJ must pose a hypothetical question which comprises all of the claimant's impairments. *Jones v. Apfel*, 190 F.3d 1224, 1229 (11th Cir. 1999) (citing *McSwain v. Bowen*, 814 F.2d 617, 619-20 (11th Cir. 1987)).

---

[5] *See* 20 C.F.R. pt. 404 subpt. P, app. 2

## IV. BACKGROUND AND PROCEEDINGS

On November 8, 2012, Bruce initially filed an application for child's insurance benefits based on disability. R. 151-53. On October 14, 2014, Bruce filed an application for supplemental security income. R. 141-46. In both applications, Bruce alleged disability beginning June 1, 2011 due to physical and cognitive issues. Following initial administrative denials of his claim, Bruce requested a hearing before an administrative law judge ("ALJ"). ALJ Paul W. Johnson ("the ALJ") convened evidentiary hearings on October 30, 2014 and July 23, 2015. R. 353-431. Bruce and his attorney appeared at the hearings. The ALJ received direct testimony from Bruce and a Vocational Expert ("VE"). The remaining evidentiary record consisted of medical records, reports from consultative sources, and residual functional capacity assessments completed by agency consultants after reviewing Bruce's records.[6] The ALJ rendered an unfavorable verdict on September 4, 2015. R. 13-26. On November 23, 2016, the Appeals Council denied Bruce's request for review. R. 7-9. This Social Security Appeal was filed on January 27, 2017. *See* Doc. 1, Complaint.

## V. ADMINISTRATIVE DECISION

Employing the five step process, the ALJ found that Bruce has not engaged in substantial gainful activity since the alleged onset date (Step 1); has severe impairments (Step 2);[7] the impairments, considered individually and in combination, do meet or equal in severity any impairment set forth in the listings (Step 3); Bruce has no past relevant work (Step 4); and a

---

[6] Larry H. Dennis, Ph.D and C. Reynolds. "A medical consultant is a person who is a member of a team that makes disability determinations in a State agency, as explained in § 404.1615, or who is a member of a team that makes disability determinations for us when we make disability determinations ourselves." 20 C.F.R. § 404.1616(a).

[7] The ALJ found the following "severe" impairments: attention deficit hyperactivity disorder ("ADHD"); learning disorder, depressive disorder, not otherwise specified ("NOS"); and status post gunshot injuries with traumatic foot drop and neuropathic left leg pain. R. 18-19.

significant number of jobs are available in the national economy which Bruce could perform with his residual functional capacity (Step 5). R. 18-26.

At Step Four, the ALJ found Bruce had the RFC to perform a reduced range of medium work. R. 20. Specifically, after evaluating the entire record, the ALJ determined the following

> [T]he claimant can sit up to seven hours total and can stand or walk up to three hours total in a normal eight-hour workday. He must work only on flat, even surfaces and cannot balance on one leg while perform work duties. He cannot work on wet or slick surfaces. The claimant can never operate foot controls. He occasionally can push and pull with his upper extremities. He frequently can stoop, kneel, and crawl; occasionally crouch; and never climb. He occasionally could work near moving mechanical parts and operate a motor vehicle but should avoid all exposure to unprotected heights, extreme temperatures, and vibrations. He can tolerate moderate office-type noise. He can perform simple tasks with a gradual introduction of new task assignments. He can maintain attention and concentration to perform such tasks for two-hour increments throughout the workday. He can have casual contact with others throughout the workday. This would involve him not having job duties requiring interaction with others to offer detailed or complex explanations about services or products; offering simple directions or pleasantries would still be possible. He must not be assigned tandem tasks (i.e. he should be able to complete his assigned responsibilities without having to work in tandem with coworkers.) There must be no very close physical proximity to coworkers in performing job tasks.

R. 20-21.

In light of his age and the application for benefits from when he turned eighteen, the ALJ determined Bruce did not have any past relevant work. R. 25. Therefore, the ALJ moved to Step Five to determine whether Bruce could perform other jobs in the national economy and determined there are jobs that exist in significant numbers in the national economy that Belcher could perform. R. 25-26. The ALJ utilized the Medical-Vocational Rules and Vocational Expert testimony regarding jobs in existing in the national economy which Bruce could perform. The VE provided several examples of jobs which Bruce could perform such as hand packager, folder, and small products assembler. R. 26. Consequently, the ALJ found Bruce has not been disabled since the alleged onset date. R. 26.

## VI. Issues

Bruce raises a single issue on appeal: Whether the ALJ erred by failing to order a neurological consultative examination. *See* Doc. 11, Pl. Br. at 2.[8]

## VII. Discussion and Analysis

Plaintiff argues the Commissioner committed reversible error because the ALJ failed to order a neurological consultative examination. Plaintiff acknowledges that the ALJ did order a consultative examination with Dr. Oluyinka Adediji, an internal medicine specialist, who examined Bruce on February 7, 2015. *See* Doc. 1 at p. 5. Dr. Adediji noted mild muscle wasting in the left leg, diminished pin prick and light touch, and left foot drop. R. 334-35. Further, Bruce had left leg limp and used a cane, but was able to walk without it. R. 335. He also had full ranges of motion in his spine and both extremities and had no trouble getting on and off the examination table. *Id*. Dr. Adediji ultimately opined "the main problem is left leg neuropathic pain which is mild and residual foot drop which appears per months post injury." R. 336.

An ALJ may order a consultative examination "where one is necessary to make an informed decision" and is "one means by which an ALJ discharges his duty to fully develop the record." *McCray v. Massanari*, 175 F. Supp. 2d 1329, 1338 (M.D. Ala. 2001) (citing *Reeves v. Heckler*, 734 F.2d 519, 522 n. 1 (11th Cir.1984)). Federal regulations may require a consultative examination when a conflict or inconsistency arises in the record, or the evidence is not sufficient to support a finding. 20 C.F.R. § 404.1519a(b). It is reversible error for an ALJ to

---

[8] While the Court does examine the entire record for obvious legal error and a general substantial evidence review, this is the sole issue raised on appeal. Therefore, the Court will direct its focus on that issue. *See United States v. Valladares*, 544 F.3d 1257, 1267 (11th Cir. 2008) (issues not challenged on appeal are deemed abandoned); *Marek v. Singletary*, 62 F.3d 1295, 1298 no. 2 (11th Cir. 1995) ("Issues not clearly raised in the briefs are considered abandoned."); *Callahan v. Barnhart*, 186 F. Supp.2d 1219, 1230 (M.D. Fla. 2002) (citations omitted) (stating same); *George v. Astrue*, Civ. Act. No. 1:11-cv-2558, 2012 U.S. Dist. LEXIS 122644, *4, 2012 WL 3903069 *1(N.D. Ala. Aug. 29, 2012) (citations omitted) (stating same).

refuse to order a CE when "such an evaluation is necessary for him to make an informed decision." *Reeves*, 734 F.2d at 522 n. 1. However, the Eleventh Circuit has further stated that when there is enough evidence in the record to make a decision, the ALJ is not required to order a second consultative examination, as long as that evidence is consistent and "sufficient for the [ALJ] to make an informed decision." *Ingram v. Comm'r of Soc. Sec. Admin.*, 496 F.3d 1253, 1269 (11th Cir. 2007).

In the instant case, the ALJ had sufficient evidence of record on which to make his determination without need of a second consultative examination. Indeed, at the second hearing, when the ALJ asked of there were any objections to raise, there was no objection made to the lack of a neurologist consultative examination. R. 386. Ultimately, the burden rests with Bruce to demonstrate his disability. *Doughty v. Apfel*, 245 F.3d 1274, 1276 (11th Cir. 2001). The Court concludes Bruce has not met his burden and other weighty evidence was before the ALJ to conclude substantial evidence supports the Commissioner's decision that Bruce is not disabled under the Act and its attendant regulations.

## VIII. CONCLUSION

Pursuant to the findings and conclusions detailed in this Memorandum Opinion, the Court concludes that the ALJ's non-disability determination and denial of benefits is supported by substantial evidence and no legal error was committed. It is, therefore, ORDERED that the decision of the Commissioner is AFFIRMED. A separate judgment is entered herewith.

DONE this 16th day of May, 2018.

/s/ Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE